Don Wayne COOPER, Plaintiff–
Appellant

v.

Gary JOHNSON; Douglas Dretke;
Richard Trinci; Michael J. Megna;
Chukwuma Anaduaka, Defendants–
Appellees.

No. 06–41718

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 2007.

Don Wayne Cooper, Texas Department
of Criminal Justice Institutional Division
Scott Unit, Angleton, TX, for Plaintiff–
Appellant.

Before KING, DAVIS and CLEMENT,
Circuit Judges.

PER CURIAM: *

Don Wayne Cooper, Texas prisoner
# 336589, appeals the district court's dis-
missal of his 42 U.S.C. § 1983 action as
frivolous under 28 U.S.C.
§ 1915(e)(2)(B)(i). Cooper argues that the
district court erred in determining that
certain of his claims accrued in 1997 and
were time-barred and in holding that he
had not established that he had a serious
medical need for a hearing aid or that the
denial of a hearing aid had caused him
harm. He also asserts that the district
court failed to address his request for cos-
metic surgery and for relief under the
Americans With Disabilities Act (ADA).

We review the dismissal of Cooper's
complaint as frivolous for abuse of discre-
tion. *See Geiger v. Jowers*, 404 F.3d 371,
373 (5th Cir.2005). To the extent that the
district court construed Cooper's complaint
as raising claims based on conduct that
occurred in 1997, the district court did not
err in holding that these claims were time-
barred. Cooper filed his complaint in Sep-
tember 2004. Accordingly, any 1997
claims are barred by the two-year statute
of limitations applicable to § 1983 actions
in Texas. *See Stanley v. Foster*, 464 F.3d
565, 568 (5th Cir.2006).

Cooper argues that he was denied a
hearing aid based on Texas Department of
Criminal Justice policy which provides that
an inmate who is able to hear out of one
ear will not be provided with a hearing aid.
Cooper contends that this was solely a
financial decision. He asserts that the tin-
nitus in his left ear causes a constant and
severe loud ringing. Cooper argues that
the condition is correctable with a hearing
aid as evidenced by the fact that the hear-
ing aid he purchased prior to his reincar-
ceration relieved his tinnitus and enabled
him to hear from his left ear. This hear-
ing aid broke while Cooper was incarcerat-
ed and was determined to be unrepairable.

Prison officials violate the constitutional
prohibition against cruel and unusual pun-
ishment when they demonstrate deliberate
indifference to a prisoner's serious medical
needs, constituting an unnecessary and
wanton infliction of pain. *Wilson v. Seiter*,
501 U.S. 294, 297, 111 S.Ct. 2321, 115
L.Ed.2d 271 (1991). Cooper asserted be-
fore the district court that the denial of a
hearing aid causes him pain, interferes
with his sleep, and has caused him to
become depressed. He also argued that
he was denied a hearing aid based on

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prison policy and financial concerns rather than based on his symptoms and individual need. Cooper's allegations are sufficient to raise a nonfrivolous issue regarding whether the provision of a hearing aid is a serious medical need and whether the respondents were deliberately indifferent to this need. *See Wilson,* 501 U.S. at 301–03, 111 S.Ct. 2321; *Newman v. Alabama,* 503 F.2d 1320, 1331 (5th Cir.1974). Accordingly, we vacate this portion of the district court's decision and remand for further proceedings in accordance with this opinion.

The district court did not address Cooper's claims that he was entitled to cosmetic surgery to repair a deformity to his ear caused by surgery done in the prison or that he was entitled to relief under the ADA. However, any error was harmless as Cooper has not shown that he suffered any harm from the failure to perform cosmetic surgery nor has he shown that he was discriminated against based on his tinnitus such that relief under the ADA might be implicated. *See Wilson,* 501 U.S. at 297, 111 S.Ct. 2321.

AFFIRMED IN PART; VACATED IN PART, AND REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.